# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACEY SEAMSTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-15-1188-D |
| | ) |
| ROBERT PATTON, Director, | ) |
| Oklahoma Department of Corrections, | ) |
| | ) |
| Respondent.[1] | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred by United States District Judge Timothy D. DeGiusti for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the Petition has been promptly examined. For the reasons set forth below, it is recommended that the Petition be summarily dismissed.

**I.     Background**

On October 12, 2001, Petitioner was convicted, pursuant to a plea of guilty, in Case No. CF-2000-5630, District Court of Oklahoma County, State of Oklahoma, of Robbery with Firearms (Count 1); Assault and Battery with a Dangerous Weapon (Count 2); Possession of a Firearm After Felony Conviction (Count 3); Assault and Battery with a Dangerous Weapon (Count 4); Burglary in the First Degree (Count 5) and Robbery with Firearms (Counts 6 and 7).

---

[1] Petitioner is incarcerated at Davis Correctional Facility, a private prison located in Holdenville, Oklahoma. Therefore, the proper respondent in this action is Robert Patton, Director of the Oklahoma Department of Corrections. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, Robert Patton is substituted as the proper respondent.

*See* Petition [Doc. No. 1] at ¶¶ 5-6; *see also* Oklahoma Court of Criminal Appeals (OCCA) Order Affirming Denial of Second Application for Post-Conviction Relief ("OCCA Order") [Doc. No. 1-4] (reciting procedural history); Plea of Guilty [Doc. No. 1-2]. Petitioner was sentenced to thirty years imprisonment on each count and the sentences were ordered to run concurrently. *See id*.

Petitioner did not move to withdraw his guilty plea or otherwise timely appeal his conviction. *See id*. Petitioner first sought post-conviction relief more than thirteen years later on November 5, 2014. The OCCA affirmed the state district court's denial of post-conviction relief on March 9, 2015. *See* Order Denying Second Application for Post-Conviction Relief [Doc. No. 1-3] at p. 2 (reciting procedural history). Petitioner filed a second application for post-conviction relief on April 15, 2015. *See* Application for Post-Conviction Relief [Doc. No. 1-1]. The OCCA affirmed the state district court's denial of post-conviction relief on August 5, 2015. *See* OCCA Order [Doc. No. 1-4].

Petitioner filed this action seeking federal habeas corpus relief on October 21, 2015.[2] He raises two grounds for relief. First, Petitioner claims he was not evaluated by a psychiatrist

---

[2] On October 15, 2015, Petitioner filed an action for federal habeas relief pursuant to 28 U.S.C. § 2241 challenging the execution of his sentence in Case No. CF-2000-5630, District Court of Oklahoma County, State of Oklahoma. That action is currently pending in this judicial district. *See Seamster v. Wilkerson*, Case No. CIV-15-1164-D (W.D. Okla.).

2

before entering his guilty plea.[3] Second, Petitioner claims that he was not advised at the time of his guilty plea that he would be required to serve 85% of his sentence.[4]

## II. Analysis

### A. Screening Requirement

Rule 4 requires this Court to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." Rule 4 of the Rules Governing Section 2254 Cases. This rule permits the Court to raise the issue of the petition's timeliness. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."); *Thomas v. Ulibarri*, 214 F. App'x 860, 861 n.1 (10th Cir. 2007) (addressing the requirements of *Day* and the discretion of the district court to address the timeliness of a habeas petition). The Court finds the untimeliness of Petitioner's habeas claims is plain from the face of the Petition and attached exhibits and, therefore, the Court may properly exercise its discretion and sua sponte dismiss the Petition. The Court also finds the claim raised in ground two is without merit and therefore, does not entitle Petitioner to habeas relief.

---

[3] Petitioner does not provide any factual allegations to support why he claims he should have been evaluated by a psychiatrist. Instead, he appears to claim that every defendant has the right to a psychiatric evaluation, as a matter of course, before entering a guilty plea. Nothing in the plea documents reflect any issue as to Petitioner's competency.

[4] *See* Okla. Stat. tit. 21, § 12.1 (providing that individuals convicted of certain felony offenses on or after March 1, 2000, "shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of Corrections") (commonly known as the "85% Rule"); *see also* Okla. Stat. tit. 21, § 13.1 (listing felony offenses affected by the 85% Rule).

### B. Timeliness of the Petition

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for § 2254 habeas petitions brought by state prisoners. *See* 28 U.S.C. § 2244(d)(1). The period begins to run from "the latest of" four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Unless a petitioner alleges facts implicating the provisions set forth in § 2244(d)(1)(B), (C) or (D), the limitations period generally begins to run from the date on which the conviction became final. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

Petitioner entered his guilty plea on October 12, 2001. Under Oklahoma law, a defendant must file an application to withdraw a guilty plea within ten days of the pronouncement of the judgment and sentence in order to commence an appeal from any conviction on a plea of guilty. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18; *see also Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (applying Oklahoma law and finding that petitioner's conviction became final ten days after guilty plea where petitioner "did not move to withdraw his guilty pleas, file a direct appeal, or seek a writ of certiorari from the United States

Supreme Court"). As set forth, Petitioner did not file a motion to withdraw his guilty plea and, therefore, his conviction became final on October 22, 2001, ten days after the pronouncement of the judgment and sentence.

Pursuant to § 2244(d)(1)(A), Petitioner's one-year limitations period commenced on October 23, 2001, and he had until October 23, 2002, to file his federal habeas petition. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n. 6 (10th Cir. 2011). The instant Petition was not filed until thirteen years later. Therefore, absent any tolling events, the Petition is untimely filed.

The Court acknowledges the possibility that a different triggering date conceivably governs Petitioner's second ground for relief, that the plea he entered was not knowing and voluntary. In the state court post-conviction filings, the State alleged that Petitioner might not have been advised of the 85% rule at the time he entered his plea. *See* State's Response to Second Application for Post-Conviction Relief [Doc. No. 1-2] at p. 2 ("[T]he State . . . conceded that Petitioner likely was not advised of the 85% Rule prior to entering his plea."). Under this scenario and giving Petitioner the benefit of the State's concession, the limitations period may be governed by § 2244(d)(1)(D), the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. Although the Court finds it is simply not plausible that, with due diligence, Petitioner remained unaware the 85 % Rule had been applied to his sentence for over thirteen years, the Court further finds it is unnecessary to address application of § 2244(d)(1)(D). As set forth below, even if analysis under § 2244(d)(1)(D) renders his claim timely, the claim lacks merit.

    **1.    Statutory Tolling**

The attachments to the Petition demonstrate that grounds for statutory tolling do not exist. *See* 28 U.S.C. § 2244(d)(2) (providing for tolling if during the one-year limitations period a

petitioner properly files an application for post-conviction or other collateral review in state court). Petitioner's first attempt at post-conviction relief occurred on November 4, 2014, well after October 23, 2002, the expiration of the one-year period under § 2244(d)(1)(A). *See* Order Denying Second Application for Post Conviction Relief [Doc. No. 1-3] at p. 2 (reciting procedural history). Because Petitioner did not seek post-conviction relief until after the limitations period expired, statutory tolling is not available to him. *See, e.g., Clark*, 468 F.3d at 714 ("Only state petitions for post-conviction relief filed within the one-year allowed by [§ 2244(d)] will toll the statute of limitations.").

### 2. Equitable Tolling

The limitations period set forth in § 2254(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). But, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (internal quotations and citation omitted). Moreover, equitable tolling is available only "in rare and exceptional circumstances" and "a garden variety claim of excusable neglect is not enough." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (citations omitted).

Petitioner states that the Petition has been filed within the statutory time period. *See* Petition at ¶18. Thus, he does not seek equitable tolling of the limitations period. Moreover, a review of the Petition and attachments thereto demonstrates a lack of evidence to support grounds for equitable tolling. The delay of over a decade in pursuing his rights further countenances against the availability of equitable tolling.

## C. Petitioner's Second Ground for Relief Lacks Merit

To the extent Petitioner's claim that he was not advised about the 85% Rule is not time-barred, the claim should be summarily dismissed because it does not entitle Petitioner to habeas relief. A guilty plea is valid if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (internal quotations omitted). Nonetheless, "a defendant need not understand every collateral consequence of the plea, but need only understand its direct consequences." *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002).

The United States Supreme Court has "never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary. . . ." *Hill*, 474 U.S. at 56. Application of the 85% Rule to Petitioner's conviction and sentence is a collateral consequence of the plea and, therefore, any failure to inform Petitioner of the consequences of the 85% Rule did not invalidate the plea. *See Chrisman v. Mullins*, 213 F. App'x 683, 687 (10th Cir. 2007) (holding that "the failure to inform of consequences collateral to a plea, such as the applicability of Oklahoma's 85% requirement, does not render the plea involuntary"); *Perkis v. Sirmons*, 201 F. App'x 648, 652 (10th Cir. 2006) (holding that petitioner's lack of knowledge regarding the application of the 85% rule to his sentence did not render his plea unknowing or involuntary because a defendant "'need not understand every collateral consequence of the plea" and "'parole eligibility . . . [is a] collateral consequence[ ] of a plea'") (citation omitted). Accordingly, Petitioner's second ground for relief does not entitle him to habeas relief.

## RECOMMENDATION

It is recommended that the Petition [Doc. No. 1] be summarily dismissed.

**NOTICE OF RIGHT TO OBJECT**

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by November 20, 2015. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The Clerk of Court is directed to transmit a copy of this Report and Recommendation by electronic mail to the Attorney General of the State of Oklahoma on behalf of Respondents at fhc.docket@oag.state.ok.us.

**STATUS OF REFERRAL**

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

ENTERED this 30th day of October, 2015.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE