IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STACEY SEAMSTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-1188-D |
| | ) | |
| ROBERT PATTON, Director, | ) | |
| Oklahoma Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Bernard M. Jones pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 4 of the Rules Governing Section 2254 Cases. Upon examination of the Petition Under 28 U.S.C. § 2254, Judge Jones finds that the Petition is untimely pursuant to 28 U.S.C. § 2244(d)(1) and the second ground for relief does not state a constitutional claim. Judge Jones thus recommends that the Petition be summarily dismissed.

Petitioner has filed timely written objections.[1] Thus, the Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, appearing *pro se*, seeks to challenge a conviction and concurrent sentences imposed October 12, 2001, upon his guilty plea to multiple felony charges of robbery with

---

[1] Petitioner filed two documents, one addressing the issue of timeliness [Doc. No. 7] and another addressing the merits of his second claim [Doc. No. 8].

firearms, assault and battery with a dangerous weapon, possession of a firearm after a felony conviction, and first-degree burglary. Judge Jones finds that the untimeliness of Petitioner's habeas claims is clear from the face of the Petition and that neither statutory nor equitable tolling is available. To the extent the one-year period for bringing Petitioner's second claim might be governed by 28 U.S.C. § 2244(d)(1)(D), Judge Jones finds that this claim fails to state a claim for federal habeas relief.

In his Objections, which are liberally construed, Petitioner appears to challenge: a) Judge Jones' finding of no basis for equitable tolling. Petitioner argues that he was not informed by the trial court of his constitutional rights or the requirement to file a motion to withdraw his guilty plea within 10 days; and b) Judge Jones' finding of no merit in the second claim. Petitioner argues that a voluntary plea of guilty requires advisement of the "85% Rule" for parole eligibility.

Upon *de novo* consideration of the issues presented by Petitioner's Objections, the Court fully concurs in Judge Jones' findings that the Petition is time barred and the second ground for relief lacks merit. Regardless whether Petitioner knew in 2001 that the proper means to challenge a guilty plea was to file a motion to withdraw the plea, Petitioner presents no factual allegations that would explain why he waited 13 years to seek any post-conviction relief. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"). It also appears from the Court's records that Petitioner's second claim is brought more than one year after

he learned the factual basis of his claim, making it untimely under § 2441(d)(1)(D) even if this provision applies. Petitioner first brought an action under 42 U.S.C. § 1983 regarding the 85% Rule and, in an effort to satisfy administrative exhaustion, provided papers showing requests to prison staff and grievances on this issue beginning in June 2014. *See Seamster v. Dep't of Corr.*, Case No. CIV-15-979-D, Compl. attach. 1 (W.D. Okla. Sept. 9, 2015).[2] Further, the Court finds upon *de novo* review of Petitioner's second claim for relief that, notwithstanding the state law authorities cited in his Objection, the collateral effects of parole eligibility rules are not matters that might render a guilty plea involuntary and, therefore, unconstitutional. *See*, *e.g.*, *Chrisman v. Mullins*, 213 F. App'x 683, 687 (10th Cir. 2007).

For these reasons, and because the Court cannot add significantly to Judge Jones' thorough analysis of the issues, the Court adopts the Report and Recommendation in its entirety as though fully set forth herein.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 6] is ADOPTED. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is DISMISSED with prejudice.[3] Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA")

---

[2] Although Petitioner initially claimed the 85% Rule did not apply and the Oklahoma Department of Corrections (ODOC) was incorrectly calculating his 30-year sentence, the application of the 85% Rule was repeatedly explained to Petitioner in grievance responses and letters from ODOC officials dated July 8, 2014, and August 29, 2014. *See id.*

[3] No opportunity for amendment is warranted because any amendment would be futile. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied. The denial shall be included in the judgment.

     IT IS SO ORDERED this  20th  day of

 

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE